**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CHAD T. MULKEY, *et. al.*, | ) CASE NO. 1:21-cv-1058 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **NOTICE OF REMOVAL** |
| | ) |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint") hereby gives notice of removal of the above-captioned case, Case No. 21 CIV0307, currently pending in the Court of Common Pleas, Medina County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division. Removal is based on 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA") and authorized by 28 U.S.C. § 1453. As grounds for removal, RoundPoint states the following:

## I. INTRODUCTION

1. On or about April 15, 2021, Plaintiffs Chad T. Mulkey and Rosemarie R. Mulkey ("Plaintiffs") filed their Complaint against RoundPoint in the Court of Common Pleas, Medina County, Ohio, Case No. 21 CIV0307 (the "State Court Action"). A copy of the Complaint is attached as Exhibit A.

2. According to RoundPoint's records, it received service of the Complaint on April 22, 2021. However, the docket reflects that service was completed on April 21, 2021. According

1

to either date, however, the timing of this Notice of Removal is proper under 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days of RoundPoint's receipt of the Complaint.

3.  Plaintiffs allege that RoundPoint inadvertently released personal identifying information ("PII") of Plaintiffs and the putative class to unauthorized third parties.

4.  In the Complaint, Plaintiffs purport to assert the following six causes of action: negligence, negligent entrustment, bailment, breach of implied contract, violations of the Ohio Residential Mortgage Loan Act ("RMLA"), and invasion of privacy on behalf of Plaintiffs, a putative class (the "Class"), and a subclass.[1] Complaint, pp. 13- 21.

5.  Plaintiffs define the Class as follows:

    All individuals in the United States (1) for whom RoundPoint services a residential mortgage loan, and (2) whom RoundPoint sent individual(s)' PII to an unauthorized third party in November 2020.

    Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

6.  Plaintiffs define the Subclass as follows:

    All individuals in Ohio (1) for whom RoundPoint services a residential mortgage loan, and (2) whom RoundPoint sent individual(s)' PII to an unauthorized third party in November 2020.

    Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter

---

[1] The Complaint lists seven counts in the bolded headings, but there are only six counts.

finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

7. The relief Plaintiffs seek on behalf of themselves and the Class members includes: (a) declaratory, injunctive, and equitable relief; (b) restitution and emotional distress and anguish damages; (c) litigation expenses and attorneys' fees; (d) post judgment interest; (e) actual damages, punitive damages, and all compensation paid directly and indirectly to a registrant or mortgage loan originator, from any source, court costs, and attorneys' fees under the RMLA pursuant to R.C. § 1322.52; and (f) such other and further relief as equity and justice may require. Complaint, pp. 6, 21-22.

## II. SUBJECT MATTER JURISDICTION UNDER CAFA

8. Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative "class action" commenced after the effective date of CAFA may be removed to the appropriate United States District Court if: (a) any member of the putative class is a citizen of a state different from any defendant, and (b) the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1322(d)(2)(A).

9. The Complaint in the State Court Action is a "class action" within the meaning of CAFA because Plaintiffs seek certification of a putative class pursuant to Ohio Civil Rule 23 which is "a rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a).

### A. The CAFA Diversity Requirements are Satisfied.

10. The minimum diversity of citizenship criteria under CAFA is satisfied if a plaintiff or "any member" of the putative class "is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. At the time of the filing of the Complaint, Plaintiffs were citizens and residents of the state of Ohio. Complaint, p. 4.

12. At the time of the filing of the Complaint, RoundPoint was a citizen of the state of South Carolina where it has its principal place of business as well as Delaware where it is incorporated. 28 U.S.C. § 1332(c)(1). Id., p. 18.

13. Accordingly, for purposes of diversity jurisdiction, at least one member of Plaintiffs' Class is a citizen of a different state than RoundPoint. 28 U.S.C. § 1332(d)(2)(A).

### B. The Putative Class Consists of More Than 100 members.

14. The Complaint alleges that the Class is in excess of 40 persons. Complaint, p. 13. RoundPoint has identified potential class members in the hundreds based upon the allegations in the Complaint. 28 U.S.C. § 1332(d)(5).

15. Accordingly, while RoundPoint denies that class treatment is permissible or appropriate, the scope of the proposed Class as alleged would consist of more than 100 members according to RoundPoint's records.

### C. The CAFA Amount in Controversy Requirements are Satisfied.

16. RoundPoint denies that Plaintiff or any putative Class member is entitled to recover any amount of damages or the other relief sought. However, based upon the damages and other relief sought in the Complaint including, but not limited to, Plaintiffs' demand for declaratory, injunctive, and equitable relief, emotional distress and anguish damages, attorneys' fees, court costs, actual damages, punitive damages, and penalties and damages sought under the RMLA, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs thereby satisfying 28 U.S.C. § 1332(d)(2).

17. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.,*

*LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, given the nature and extent of damages sought by Plaintiffs on behalf of the putative class of hundreds of people, monetary damages in excess of $5,000,000.00 are more than plausible.

18. Furthermore, when injunctive relief is sought, a Court "may look to the costs of complying with [the] injunction to establish the amount-in-controversy." *Cernelle v. Graminex, L.L.C.*, 437 F. Supp. 3d 574, 594 (E.D.Mich.2020) (citing *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 828 (6th Cir. 2006)).

19. Therefore, this Court has original jurisdiction over this action under CAFA because: (i) the minimum diversity of citizenship criteria are met; (ii) the number of putative class members is greater than 100; and (iii) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. §§1332(d)(2), (d)(5).

### III. PROCEDURAL REQUIREMENTS AND LOCAL RULES

20. The State Court Action is being removed to the proper court as this Court is part of the "district and division" embracing the place where the action was filed—Medina County, Ohio. 28 U.S.C. § 1446(a).

21. Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days of RoundPoint's receipt of the Complaint.

22. A true and correct copy of pleadings served and responses filed in this case, as well as a copy of the State Court Action Docket Sheet, are attached as Exhibit B as required by 28 U.S.C. § 1446(a).

23. Counsel for RoundPoint certify that they will provide written notification to Plaintiffs' counsel of this Notice of Removal as required by 28 U.S.C. § 1446(d). RoundPoint will promptly file a Notification of Removal attaching a copy of this Notice of Removal with the

Clerk of the Court of Common Pleas in and for Medina County, Ohio, where the State Court Action is currently pending as required by 28 U.S.C. § 1446(d).

24. Based upon the foregoing, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as amended by CAFA, and the claims may be removed to this Court under 28 U.S.C. § 1453.

WHEREFORE, RoundPoint, pursuant to the statutes referenced above and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes the case styled *Chad T. Mulkey et al.*, *v. RoundPoint Mortgage Servicing Corporation,* Case No. 21 CIV 0307, currently pending in the Court of Common Pleas in and for Medina County, Ohio.

Respectfully submitted,

*/s/ Stefanie L. Deka*
James W. Sandy (0084246)
Stefanie L. Deka (0089248)
**McGlinchey Stafford**
3401 Tuttle Rd, Ste 200
Cleveland, OH 44122
Telephone: (216) 378-9911
Facsimile: (216) 378-9910
jsandy@mcglinchey.com
sdeka@mcglinchey.com
*Counsel for Defendant*
*RoundPoint Mortgage Servicing Corporation*

## **CERTIFICATE OF SERVICE**

**I CERTIFY** that a true and accurate copy of the foregoing *Notice of Removal* was served upon the following via U.S. Regular Mail, postage prepaid this 20th day of May, 2021.

Marc E. Dann, Esq.
Daniel M. Solar, Esq.
Brian D. Flick, Esq.
Dann Law
P.O. Box 6031040
Cleveland, OH 44103
*Counsel for Plaintiffs*

           */s/ Stefanie L. Deka*
           Stefanie L. Deka (0089248)